FILED

2015 Dec-08  PM 12:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TONY EUGENE GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-cv-01267-JHH-JHE |
| | ) | |
| VICTORRUS FELDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The magistrate judge filed a report and recommendation on October 30,  2015, recommending that the plaintiff's claims against defendants Cheryl Price and Morris Rogers be dismissed with prejudice. (Doc. 40).  The magistrate judge further recommended that the defendants' motion for summary judgment as to the plaintiff's claims against defendant Victorrus Felder be denied and referred to the magistrate judge for further proceedings.  The plaintiff filed objections to the report and recommendation on December 2, 2015.  (Doc. 44).

The plaintiff objects to the Report and Recommendation "omitting" facts involving defendant Victorrus Felder's actions against inmate Ricardo Poole.  (Doc. 44 at 4).  Specifically, the plaintiff objects to the recommendation by the magistrate judge that summary judgment be granted in favor of defendant Morris Rogers, based on the plaintiff's allegation that Rogers was "acting in complicity with Felder['s] excessive use of force."  *Id*.  In his complaint, the plaintiff set forth allegations concerning defendant Felder's actions against inmate Poole.  However, the plaintiff was not in the cell with Poole when Felder allegedly struck Poole and therefore has no personal knowledge of those events.  (*See* doc. 1 at 7).  Although the plaintiff filed an affidavit by inmate Poole in support of his opposition to the defendants' motion for summary judgment,

nothing in that affidavit states that Rogers was present when Felder struck Poole. (See doc. 37 at 25). In fact, Poole states nothing more than Felder and Rogers appeared at his cell door, entered the cell, and then either Felder or Rogers closed the cell door. (*Id*.). Inmate Poole's affidavit includes no other mention of Rogers. Therefore, the court cannot make the finding the plaintiff desires to support a failure to intervene claim against Rogers, specifically that "Rogers was present with Felder & observing Felder perform the SAME SCHEME OF EXCESSIVE FORCE that resulted in Grimes with an ear injury." (Doc. 44 at 4).

Because of a complete lack of evidence that Rogers was acting in complicity with Felder in regard to Felder's actions towards Poole, the court cannot draw the inference that the plaintiff seeks, namely that Rogers knew Felder was going to strike the plaintiff and failed to intervene. Based on the evidence before the court, no reasonable jury could reach this conclusion.

The plaintiff's reliance on *Priester v. City of Riviera Beach, Fl.*, 208 F.3d 919 (11th Cir. 2000), is misplaced. That case is based on facts where once police officer, Cushing, called for a canine officer to assist in a search for a burglary suspect. *Id.*, at 923. A canine officer, Wheeler, responded and eventually released the dog on the plaintiff, who suffered multiple puncture wounds from dog bites. *Id.*, at 924. During a jury trial on the merits, the plaintiff testified that the dog attack lasted for "more than an eternity" and defendant Cushing testified that the dog attack may have lasted as long as two minutes. *Id.*, at 925. The Eleventh Circuit noted these facts stated a failure to intervene claim against Cushing and, based on the trial evidence, held the grant of judgment as a matter of law in favor of Cushing in spite of a jury verdict finding him liable was error. *Id.*

In contrast to the facts in *Priester*, the plaintiff here supplied the affidavit of his cell mate, Johnnie James, who stated that the second blow applied by Felder to the plaintiff's ear was

2

"about '2' seconds after that first blow . . ."  (Doc. 22 at 25).   According to the plaintiff's own affidavit, Felder slapped the back of his head, "then stepped back about two seconds . . ." before administering the second, harder, blow to the plaintiff's ear.  (Doc. 37 at 15).  Even in his objections, the plaintiff describes the incident as including "the momentary period from Felder's first blow to his injury causing second blow . . ."  (Doc. 44 at 6).  As the magistrate judge found in the report and recommendation, the factual allegations in this case are insufficient to support a finding that Rogers had a realistic opportunity to intervene.  (Doc. 40 at 11).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**.   The court **EXPLICITLY FINDS** no genuine issues of material fact remain as to defendants Cheryl Price and Morris Rogers, and therefore **ORDERS** that defendants Cheryl Price and Morris Rogers' motion for summary judgment, (doc. 14), is **GRANTED**.

Defendant Victorrus Felder's motion for summary judgment, (doc. 14), is **DENIED.**  The remaining claims against defendant Felder are referred to the magistrate judge for further proceedings.

**DONE** this the __8th__ day of December, 2015.


SENIOR UNITED STATES DISTRICT JUDGE

3